Law Offices Of
# Donna R. newman
attorney at law
111 broadway, suite 1805
new york, new york 10006
tel. 212-229-1516
fax 212-676-7497
donnanewmanlaw@aol.com
Member: N.Y. & N.J. Bar

November 20, 2011

**BY ECF And Facsimile**
The Honorable Jack B. Weinstein
Senior United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *United States v. Jamal Laurent*, 11 Cr. 322 (JBW)

Dear Judge Weinstein:

    I write to supplement defendant Jamal Laurent's motion to dismiss the above referenced Indictment[1] and add, as an additional ground for Mr. Laurent's motion, that 18 U.S.C. § 922(n) exceeds Congress' power under the Commerce Clause. U.S. Const. Art. I, § 8, cl3. In the alternative, Mr. Laurent urges the Court to amend its November 18, 2011 Proposed Memorandum and Order (Dkt. Entry #47) ("Proposed

---

[1] *See* Dkt. Entries #45 (Motion to Dismiss) and #46 (Memorandum of Law in Support of Motion to Dismiss).

1

Order") to require the government to also outline its evidence that the weapon which it is alleged Mr. Laurent's received after indictment traveled "in interstate or foreign commence[2]" after the indictment. *See* 18 U.S. C. § 922(n).

**Commerce Clause Challenge**

Laurent contends that the analytical framework established by the Supreme Court in *Lopez*[3], *Morrison*[4], and *Jones*[5], indicates that Congress exceeded its authority under the Commerce Clause in promulgating § 922(n) unless the government can prove that the receipt of the firearm that forms the basis for a prosecution under the statute has a substantial affect on interstate commerce. We recognize that notwithstanding *Lopez, supra, Morrison*, *supra*, and *Jones, supra* the Second Circuit in reliance on *Scarborough v. United States*, 431 U.S. 563 (1977),

---

[2] In its Proposed Order the Court directed the government "to outline its evidence at a hearing" that "the defendant received the gun *after the indictment....*" *Id.* at 45 (emphasis in original).

[3] *United States v. Lopez*, 514 U.S. 549, 566 (1995) (invalidating the Gun Free School Zone Act, § 922(q), which banned the possession of firearms within a 1,000-foot radius of schools, because it did not regulate an activity that "substantially affect[ed]" interstate commerce).

[4] *United States v. Morrison*, 529 U.S. 598, 627 (2000) (holding unconstitutional the civil remedy portion of the Violence Against Women Act of 1994 because conduct reached by this section of the statute did not have an effect on interstate commerce).

[5] *Jones v. United* States, 529 U.S. 848, 859 (2000) (holding that an owner-occupied home, which was not used for any commercial purpose, does not qualify as property "used in" commerce or commerce-affecting activity and thus, arson connected to this non-commercial property cannot be prosecuted under 18 U.S.C. § 844(i)).

has rejected Commerce Clause challenges to 18 U.S.C. §922(g)(1). *See, e.g., United States v. Gaines*, 295 F.3d 293, 302 (2dCir. 2002)(holding that *Lopez, Morrison* and *Jones* do not require"revisiting the Circuit's prior holding that "only a minimal nexus with interstate commerce is necessary under § 922(g)'"); *United States v. Santiago*, 238 F.3d 213, 216-17 (2d Cir. 2001); *United States v. Paolozie*, 166 F.3d 502, 505 (2d Cir. 1999); *United States v. Sorrentino*, 72 F.3d 294, 297 (2d Cir. 1995). These cases establish that in this Circuit §922(g) requires only a "minimal nexus" to interstate commerce that can be satisfied by proof that the weapon was manufactured out of state and moved interstate at sometime. *Id. See also United States v. Jones*, 16 F.3d 487, 491 (2d Cir. 1994). Other Circuit Courts have likewise rejected similar commerce clause challenges in light of the Scarborough precedent. *See e.g.*, *United States v. Patton*, 451 F.3d 615, 634 (10th Cir. 2006)(noting the tension between *Scarborough* which indicates that Congress may regulate any firearm that has ever traversed in interstate commerce and more recent decisions of the Supreme Court); *United States v. Lemons,* 302 F.3d 769, 773 (7th Cir.2002) (noting "ample Seventh Circuit precedent" upholding § 922(g)(1) because of its jurisdictional hook and suggesting that if *Lopez* undercuts this approach, "it is for the Supreme Court to so hold"); *United States v. Cortes,* 299 F.3d 1030, 1037 n. 2 (9th Cir.2002) (noting that doubts have been raised but choosing, "[u]ntil the Supreme Court tells us

3

otherwise,"*635 to "follow *Scarborough* unwaveringly").

Nonetheless, we assert that §922(n) violates the Commerce Clause in order to preserve the claim in the event that the Supreme Court reconsiders this precedent. *See Alderman v. United States*, 131 S.Ct. 700 (2011) (Thomas, J., dissenting from denial of petition for writ of certiorari, joined by Scalia, J.[except for footnote 2])at 702 (indicating that the tension between *Lopez* and *Scarborough* need to be resolved).

*Alderman* concerned a Commerce Clause challenge to 18 U.S.C. § 931 which criminalizes the possession of body armor by a felon. The interstate commerce element was based on the sale of the vest three years earlier when a California manufacturer sold it to a distributor in Washington State. *Id*. at 700 (citing *United States v. Alderman*, 565 F.3d 641, 644 (9th Cir. 2009)). *Alderman* was convicted after trial and after his conviction was affirmed and his petition for rehearing en banc was denied he petitioned the Supreme Court for certiorari. Certiorari was denied but Justice Thomas, filed a dissenting opinion which was joined by Justice Scalia. *Alderman v. United States*, 131 S.Ct. 700.

Justice Thomas stated he would have voted for the grant of certiorari to resolve the confusion and resistance to blind adherence to the 33-year old *Scarborough* decision. *Id.* at 702 (*citing Alderman v. United States*, 593 F.3d 1141-1142 (9th Cir. 2010) (O'Scannlain, J., dissenting from denial of rehrg. *en banc); United States v.*

4

*Bishop*, 66 F.3d 569, 595-596 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part)(analyzing the Commerce Clause requirements of 18 U.S.C. § 2119); *United States Vasquez*, 611 F.3d 325, 327 (7th Cir. 2010)(Manion, J., dissenting)(questioning the applicability of the minimal nexus framework in *Scarborough* as applied to 18 U.S.C. § 2250, the Sex Offender Registration and Notification Act (SORNA)) . In light of the tension recognized by Justices Scalia and Thomas between *Scarabough* and the subsequent Supreme Court Commerce Clause decisions, the granting of *certiorari* to a cases which raises this issue is likely. Accordingly, Mr. Laurent is reserving his claim.

**The Interstate Commerce Nexus of the Firearm That Forms The Basis of Mr. Laurent's Prosecution Must Be In Connection To His Prohibited Receipt**

Mr.Laurent asserts that a review of the legislative intent of 18 U.S.C. § 922(n) strongly suggests that the interstate nexus requirement in this prosecution must be related to a time after the indictment and that it is not sufficient that the firearm traveled at anytime interstate.

Title 18U.S.C, Section 922(n) provides in relevant part that:

> It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The origin of this subsection can be traced to the Federal Firearms Act of 1938, c. 850, § 2(e), 52 Stat. 1250, 1251. *See* Proposed Order at 7-8. In 1961, Congress expanded the scope of the §2(e) to include all individuals under indictment, deleting from the 1938 version the limitation of a crime of violence and inserting "crime punishable by imprisonment for a term exceeding one year." *Id.* at 8. The interstate language remained the same. The next change to the statute occurred in Title IV of the Omnibus Control and Safe Streets Act of 1968, re-enacted as the Gun Control Act of 1968, Publ. L. 90-618, 82 Stat. 1213 (codified at 18 U.S.C. § 921 *et seq*.) In that Act, Congress clarified that the indictment was to be a felony but the interstate nexus language remained the same. *Id* at 8.

The Supreme Court in *United States v. Bass*, 404 U.S. 336 (1971) considered the interstate commerce nexus required to be proved in a prosecution under 18 U.S.C. App. § 1202(a) (a predecessor to 18 U.S.C. § 922(g)) which prohibited possession of firearms for certain categories of people, but not those merely under indictment.[6] The defendant in *Bass,* a convicted felon, was convicted of possession of a firearm

---

[6] 18 U.S.C. App. §1202(a) (1970 ed.) made it crime for a felon to receive, possess or transport in commerce or affecting commerce, any firearm. It was subsequently repealed. *See* P.L. 99-308, Sec. 104(b) (May 19, 1986), 100 Stat. 459.

in violation of 18 U.S.C. § 1202(a)[7]. The question raised in *Bass* was whether receipt or possession of a firearm by a convicted felon had to be shown to have been connection with interstate commerce. The government at trial produced no evidence of any interstate nexus to either Bass' possession or the firearms he was found to possess. The *Bass* Court concluded after a review of the text of the statute and the legislative histories of Title VII and §1202(a), that the interstate nexus requirement was ambiguous and declined to read it broadly. *United States v. Bass,* 404 U.S. at 518.

Section 1202(a) and the question of what is necessary to prove the interstate nexus requirement were next addressed by the Supreme Court in *Scarborough v. United States*, 431 U.S. 563 (1977). In *Scarborough* the Court acknowledges that the *Bass* Court had not determined what would constitute an adequate nexus with commerce. *Id.* at 566. In *Scarborough* the government introduced evidence that the firearm at issue had previously traveled in interstate commerce. *Id*. at 566-567. The

---

[7]18 U.S.C. § 1202(a) read in pertinent part"

    Any person who-

        (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who, receives, possess, or transports in commerce or affecting commerce. . .any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

Court concluded that all that was necessary to meet the interstate nexus requirement was a showing that "the firearm have been, at some time, in interstate commerce." *Id.* at 575 (footnote omitted).

Both the *Bass* and *Scarborough* Courts recognized the differences in the approach taken by Congress in passing Title IV and Title VII and that therefore, "it is not very meaningful to compare Title VII with Title IV." *Id.* at 569 (*citing United States v. Bass*, 404 U.S. at 344). Subsection §922(n), actually its predecessor, 922(h), was part of the Title IV of the Omnibus Act. Distilling the differences in what occurred during the passage of the two Titles, IV and VII, of the Omnibus Act, the *Bass* Court observed "Title IV apparently does not reach possessions or *intrastate transactions at all, even those with an interstate commerce nexus, but is limited to the sending or receiving firearms as part of an interstate transportation.*" *Id.* at 343.(emphasis added). The Court further explained the background of §§ 1202(a)(predecessor of now §922(g)) and §922(h)(the predecessor of §922(n)).

> Each amendment enlarged the group of people coming within the Act's substantive prohibitions against transportation or receipt of firearms in interstate commerce. The wording of the substantive offense has remained identical, although the original Act [referring to the 1938 Act] had a provision that possession of a firearm 'shall be presumptive evidence that such firearm or ammunition was shipped or transported or received (in interstate or foreign commerce).' That presumption was struck down in *Tot v. United States*, 319 U.S. 463 (1943), and the Court there noted:

8

> '(T)he Act is confined to the receipt of firearms or ammunition as a part of interstate transportation and does not extend to the *receipt, in an intrastate transaction, of such articles which, at some prior time, have been transported interstate. Id* at 466, 63 S.Ct. At 1244. While the reach of Title IV itself is a question to be decided finally some other day, the Government has presented here no learning or other evidence indicating that the 1968 Act changed the prior approach to the 'receipt' offense. See, e.g. S.Rep.No. 1097, 90th Cong., 2d Sess., 115 (1968; U.S. Code Cong. & Admin. News, p. 2112.

*Bass*, 404 U.S. at 343, n.10. (emphasis added).

Accordingly, the government must be required to prove that the interstate nexus necessary to sustain the statute was by an act which occurred subsequent to Mr. Laurent's indictment. We therefore, ask the Court to amend its Preliminary Order to require the government to offer this proof.

                Respectfully submitted,

                Donna R. Newman

cc:    Tiana A. Demas, AUSA (by ECF and email)
       Zainab Ahmad, AUSA( by ECF and email)
       Jamal Laurent via regular first class mail