UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JAMAL LAURENT,

Defendant.

MEMORANDUM & ORDER

11-CR-322



**JACK B. WEINSTEIN, Senior United States District Judge:**

The court is now is receipt of defendant's requested jury instruction No. 2A, Doc. Entry 73, Dec. 5, 2011, and the government's requested jury instruction No. 4, Doc. Entry 74, Dec. 6, 2011, dealing with the receipt element of the charge. Neither one of the proposals seems to make the critical difference between receipt and possession clear to the jury. Set out below is a more extensive discussion with a hypothetical that may sharpen or discussion before the jury trial begins:

> The government must prove that the defendant knowingly received a firearm or ammunition after he was indicted.
> A "firearm" is any weapon which will, is designed to, or may be readily converted to expel a projectile by the action of an explosive. Ammunition is used to propel a projectile from a firearm through an explosion; it may be in a loaded firearm.
> To "receive" a firearm means to knowingly take possession of it. The same definition covers ammunition.
> The dictionary defines the word "receive" principally as an action: "to take back, take, accept," "to take . . . into one's possession." By contrast, to "possess" is passive, defined primarily as "to have and hold as [your] property."
> Let me illustrate the difference between receipt and possession with a hypothetical.
> You go to Macy's to buy a frying pan. You pay and the clerk puts your new skillet in a bag and hands it to you. You have received it.
> From that point on, you possess the pan. Possession can be physical, as when you are holding the bag or using the pan. It can be constructive, as when

you put it in a cabinet in your kitchen and go off to work. Each time you take the skillet out of the cabinet to use it is not a separate receipt.

Suppose you are sent by your boss to San Diego to make an installation and you lock up your apartment. You continue to possess it constructively while you are away. When you get back, you take out the frying pan to make some scrambled eggs. The pan is in your possession, and has been the whole time you were away. You have not received it again.

Lending the frying pan to a friend, or giving it to someone for safekeeping, does not break the continuity of possession. When your friend gives the skillet back to you, it does not constitute a new receipt.

If you get married, you and your spouse will have joint possession of the skillet. A spouse joining you does not constitute a receipt for you, but may for your spouse.

Given the presumption of innocence, the burden remains on the government to prove beyond a reasonable doubt that the defendant received the gun, either directly in his hands or constructively, after he was indicted. If this defendant received the gun before indictment and continued to directly or constructively possess it after the indictment, he has not received the firearm after indictment as required by the law.

The government must also prove beyond a reasonable doubt that the defendant acted knowingly when he received the firearm. To act knowingly is to act intentionally and voluntarily, not because of ignorance, mistake, accident, or carelessness.

A preliminary charge to the jury at the outset of the case might sharpen the jury's appreciation and evaluation of the evidence.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: December 6, 2011
Brooklyn, New York